

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. Geo. H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-4365±
Re: Erroneous entries to credit of
General Revenue Fund from Clearance
Fund.

Your letter of July 8th advises that from month to
month during the current fiscal year, you have transferred
from the Clearance Fund to the General Revenue Fund monies in
varying amounts which should have been allocated to the Old
Age Assistance Fund under our opinion No. O-4365. Your letter
seeks the opinion of this department on the question of cor-
recting these erroneous entries to the credit of the General
Revenue Fund, so that the Old Age Assistance Fund will be
credited with the monthly allocations which the Legislature
provided should be made from the Clearance Fund.

S. B. 490, Sec. 2, Acts 47th Leg., provides:

"Section 2. All revenue derived from and collected
under Article VIII of this Act shall be paid into the
General Revenue Fund of the State of Texas. All revenue
derived from and collected under Article XIII of this Act
shall be and is allocated as now provided by law. All
revenue derived from and collected under Article XVII of
this Act shall be allocated as provided in Section 25 of
said Article.

"From all revenue derived and collected under the
provisions of Articles I, II, III, IV, V, VI, VII, (sub-
division a), IX, X, XI, XIII, XIV, XV, XVI, and XVIII of
this Act after deduction of that portion provided for
enforcement purposes, there shall be allocated to the
Available School Fund one-fourth (1/4) of the total sum
collected thereunder and same shall be deposited and
credited to the Available School Fund in the State
Treasury.

Hon. Geo. H. Sheppard, page 2

"After deduction of the allocation provided in the next preceding paragraph to be apportioned to the Available School Fund, the balance of the funds collected under Articles I, II, III, IV, V, VI, VII (subdivision a), IX, X, XI, XII, XIV, XV, XVI, and XVIII of this Act shall be deposited in a Clearance Fund in the Treasury, and from such fund the revenues so derived and collected shall be transferred and allocated by the State Treasurer as follows:

"(1) There shall be appropriated and allocated, transferred, and credited to a special fund in the Treasury, to be known as the 'Blind Assistance Fund,' for the purpose of providing and administering assistance to the blind in the manner as authorized by Senate Bill No. 36, Acts of the Regular Session, 46th Legislature, 1939, such part of Four Hundred Thousand ($400,000.00) Dollars, as the effective period of this Act for the fiscal year ending August 31, 1941, bears to the entire fiscal year, and there shall be transferred and credited to such Fund the sum of Four Hundred Thousand ($400,000.00) Dollars for each fiscal year thereafter, said amount to be provided on a basis of equal monthly installments.

"(2) There shall be appropriated and allocated, transferred, and credited to a special fund in the Treasury, to be known as the 'Children Assistance Fund,' for the purpose of providing and administering assistance to dependent and destitute children in the manner as authorized by Senate Bill No. 36, Acts of the Regular Session, 46th Legislature, 1939, such part of One Million Five Hundred Thousand ($1,500,000.00) DOllars as the effective period of this Act for the fiscal year ending August 31, 1941, bears to the entire fiscal year, and there shall be transferred and credited to such Fund One Million Five Hundred Thousand ($1,500,000.00) Dollars for each fiscal year thereafter, said amount to be provided on a basis of equal monthly installments.

"(3) Beginning with the fiscal year starting on September 1, 1941, and annually thereafter, there is hereby allocated and appropriated to the Teacher Retirement System of Texas in accordance with the provisions of Senate Bill No. 47, Acts of the Regular Session, 47th Legislature, 1937, and any amendments thereto, a sum each year equivalent to the contributions of the members of the Teacher Retirement System during said year.

Hon. Geo. H. Sheppard, page 3

Said amounts are hereby allocated and appropriated and shall be paid to the Teacher Retirement System in equal monthly installments beginning September 1, 1941, and monthly thereafter based upon the annual estimate by the State Board of Trustees of the Teacher Retirement System of the contributions to be received from the members of said System during said year; provided further, in the event said estimate of the contributions of the members of the System shall vary from the actual amount of the teachers' contributions during the year, then such adjustments shall be made at the close of each fiscal year as may be required.

"There is likewise hereby allocated and appropriated to the Teacher Retirement System of Texas beginning on the first day of the first month after the effective date of this Act, and monthly thereafter, the sum of Fifty Thousand ($50,000.00) Dollars, which shall be paid by the State Treasurer to the Teacher Retirement System until such time as the total additional amounts so deposited by the State of Texas shall be equivalent to the total amount contributed by the members of the Retirement System from September 1, 1937, to September 1, 1941, as certified by the State Board of Trustees of the Teacher Retirement System.

"(4) After the above allocations and payments have been made from such Clearance Fund, there shall be paid therefrom into the Old-Age Assistance Fund on the first of each month, such sum, which, taken with other sums paid into such Old-Age Assistance Fund by virtue of other laws still in force, will equal a total of One Million Seven Hundred Fifty Thousand ($1,750,000.00) Dollars, and such sum is hereby appropriated for the use provided by law for such Old-Age Assistance Fund. Should such payments into the Old-Age Assistance Fund by virtue of other laws exceed One Million Seven Hundred Fifty Thousand ($1,750,000.00) Dollars, in any one month, then not more than One Million Seven Hundred Fifty Thousand ($1,750,000.00) Dollars of such shall be expended for old-age assistance in such month, and the remainder in excess thereof shall be withheld until the succeeding month or months and be taken into consideration in allocating funds from the Clearance Fund to the Old-Age Assistance Fund, and the amount paid in from the Clearance Fund into the Old-Age Assistance Fund shall be reduced accordingly to the end that a stationary sum of

One Million Seven Hundred Fifty Thousand ($1,750,000.00)
Dollars per month be available from State funds for old-
age assistance; provided, however, for the balance of the
fiscal year ending August 31, 1941, the payments into the
Old-Age Assistance Fund shall be made in the same manner
as provided above. However, in the event the total paid
from all sources into the Old-Age Assistance Fund includ-
ing the amount allocated to the Old-Age Assistance Fund
from the Clearance Fund on the first day of each month as
provided above, does not amount to One-Million Seven Hun-
dred Fifty Thousand ($1,750,000.00) Dollars for each month
after the effective date of this Act, then in that event,
the first revenue collected and which ordinarily would
be paid into the General Revenue Fund of the State of Texas
after the first day of each month shall be set aside,
allocated, transferred, credited, and appropriated to the
Old-Age Assistance Fund to the extent and in such sums
as are necessary to provide One Million Seven Hundred
Fifty Thousand ($1,750,000.00) Dollars in the Old-Age
Assistance Fund for each month with the effective date
of this Act, including the month of June, 1941 and through
the month of August, 1941. All laws in conflict with this
section are hereby repealed to the extent of such conflict
only.

"(5) All other revenue or money of any kind or character
remaining in such Clearance Fund shall be paid into the
General Revenue Fund of the State of Texas."

A careful reading of the Act reveals that each month's
revenue accruing to the Clearance Fund is to be fully disposed of
by allocation to the various funds on the first of the following
month. After the several allocations have been made in the order
of statutory preference, it is only the balance remaining in the
Clearance Fund which is to be transferred to the General Fund.

While the language of this Act contemplates that the
transfer and allocation of funds in the Clearance Fund from a
particular month's collection deposited to the Clearance Fund
shall be made on the first of the month following that in which
the collections are made, we are of opinion that the time ele-
ment of the statute is directory — though allocations for some
reason be not made on the first of the month, they may and should
be made thereafter to comply with the mandate of the Legislature.

Hon. Geo. H. Sheppard, page 5


The Act, however, does not authorize the use of subsequent month's collections to the Clearance Fund to pay allocations properly payable from a previous month's collections. Thus, if collections to the Clearance Fund for one month are insufficient to pay that month's allocations, the collections in the Clearance Fund for a subsequent month cannot be used to make up the deficiency.

It is our understanding that for each month during the fiscal year the collections to the credit of the Clearance Fund have been more than sufficient to make all statutory allocations, but that, through the error discussed in our opinion No. O-4365, you have allocated less than the law required you to allocate to the Old Age Assistance Fund, the result being that each month you have entered on your books by way of transfer of funds from the Clearance Fund to the General Revenue Fund an amount greater (by the amount you failed to transfer to the Old Age Assistance Fund) than the law authorized to be deposited to the General Fund account.

Both the Clearance Fund and the General Fund are separate accounts in the Treasury. The transfer of funds from the Clearance Fund to the General Fund is effected by mere book entry on the accounts in your office. To the extent that your entries to the General Fund from the Clearance Fund included amounts which should have been credited to the Old Age Assistance Fund, they were not authorized by law, were mere nullities, and should be corrected by reversing your entries. Melgard v. Eagleston, 31 Idaho 411, 172 Pac. 655.

This holding is not in conflict with the decision of the Supreme Court in the case of Manion v. Lockhart, 114 S.W. (2d) 216. In that case there was involved a deposit of funds to the credit of the General Fund in the Treasury from a fund outside the Treasury. Enforcing the provision of Art. 8, Sec. 6, of the Constitution that "no money shall be withdrawn from the Treasury" except by appropriation made by the Legislature, the court held that, since to correct the error would involve withdrawing the funds erroneously deposited from the Treasury, the error could not be corrected until the Legislature should authorize the withdrawal of such funds from the Treasury by appropriation. In the instant case, both funds are in the Treasury; no withdrawal of funds from the Treasury is involved, but only a correction of book entries as between funds in the Treasury so that each fund shall receive that amount of money which the Legislature required to be allocated to it.

Hon. Geo. H. Sheppard, page 6

In this view, we are supported by the fact that, according to information furnished us by you, the correction of erroneous book entries as between accounts in the treasury has consistently been made by the State's accounting officers over a long period of years, with the approval and upon the advice of the various State auditors. Further, since there is no actual commingling of funds, but the transfers are effected by mere book entry, reason and common sense would suggest that the accounting officers have authority to correct book entries without special authority from the Legislature. Otherwise, a slip of the pen must result in an irrevocable error.

Your second and third questions are as follows:

"2. If the answer to question No. 1 is in the affirmative, then are the balances which may be in the Old Age Assistance Fund as of August 31, 1942, resulting from expenditures being less than the 'allocation during the fiscal year of 1941-1942' appropriated for old age assistance payments during the fiscal year of 1942-1943 by the provisions of S. B. No. 423, Acts of the 47th Legislature, Regular Session?

"3. If the answer to question No. 1 is in the affirmative, then are the balances which may be in the Old Age Assistance Fund as of August 31, 1942, resulting from expenditures being less than the 'allocations during the fiscal year of 1941-1942' appropriated for administrative expenses during the fiscal year of 1942-1943 by the provisions of S. B. No. 423, Acts of the 47th Legislature, Regular Session?"

The rider to the appropriation for the State Department of Public Welfare for the current biennium, contained in S. B. 423, Acts 47th Leg., Reg. Sess., provides:

"All incomes allocated or transferred to the Old Age Assistance Fund by H. B. No. 8, Acts of the 47th Legislature, Regular Session or other revenue laws, for the purpose of providing and administering old-age assistance, is hereby appropriated for each of the fiscal years ending August 31, 1942 and August 31, 1943, to the State Department of Public Welfare for old-age assistance payments

and for salaries, equipment, supplies, travel, maintenance, and contingent expenses necessary in the extension of said old-age assistance. Provided that in addition to this appropriation out of State funds for administrative expenses for the biennium, the State Department of Public Welfare is authorized to accept from the Federal Social Security Board any funds that may be allocated by said Board to the State Department of Public Welfare for administrative expenses, and said Department can use such Federal funds allocated for administrative expenses in addition to funds appropriated for those purposes out of State funds. Provided, that for the administration of the old-age assistance Laws of Texas, the administrative expenses out of State funds for the biennium shall never exceed three per cent (3%) of the total amount expended for assistance out of all funds, State and Federal. In the event that the above total itemized appropriations out of State funds for administration are less than three per cent (3%) of the total amount expended for assistance out of all funds, State and Federal, and a necessity therefor exists, the State Department is authorized to hire additional employees or pay additional necessary maintenance and miscellaneous expenses conditioned upon the State Board of Public Welfare filing a statement of fact with the State Comptroller, the Lieutenant Governor and the Attorney General outlining the conditions creating the emergency making it necessary to use such additional State funds; and provided, in all events the total expenditures out of State funds for administration shall not exceed three (3%) per cent of the total expenditures for assistance out of all funds, State and Federal, and that no additional employees used shall be paid larger salaries than are above fixed for employees rendering similar services and having similar responsibilities."

It is to be noted that the rider appropriates "for each of the fiscal years" for assistance payments and administrative expenses "All incomes allocated or transferred to the Old Age Assistance Fund by H. B. 8, Acts of the 47th Legislature, Regular Session, or other revenue laws."

For the preceding biennium, the rider, in S.B. 427, Acts 46th Leg., Reg. Sess., reads in part as follows:

"All income to the Texas Old Age Assistance Fund . . . together with any balances on hand at the end of a prior fiscal year, is hereby appropriated for each of fiscal years ending August 31, 1940, and August 31, 1941," for assistance payments and administrative expenses.

We cannot presume that the Legislature intended a meaningless and futile act in omitting, in the present rider, the phrase "together with any balances on hand at the end of a prior fiscal year." The Legislature must be presumed to have acted deliberately, and to have intended the natural result of the omission of such language. It follows that the authority to expend funds for old age assistance payments and administrative expenses is limited during each fiscal year to the income to the Old Age Assistance Fund during that year; unexpended balances at the end of a prior fiscal year are not appropriated for any purpose.

That the rider provides in part: "in addition to this appropriation out of State funds for administrative expenses for the biennium," the Department may expend Federal funds for administrative expenses, and that "the administrative expenses out of State funds for the biennium "shall not exceed three per cent of the total expended for assistance out of State and Federal funds, does not reflect a legislative intent that the appropriation is for the biennium, rather than for each fiscal year of the biennium. The Act is specific in appropriating the funds for "each year" of the biennium. "This appropriation for the biennium"clearly refers to the specific appropriation for "each year" of the biennium. And the latter provision quoted above imposes a limitation of the total expenditures for administrative expenses over the entire biennium, rather than an authority to expend during one fiscal year unexpended balances from a previous or prior fiscal year.

Your questions 2 and 3 are answered in the negative.

Yours truly

ATTORNEY GENERAL OF TEXAS

By

R. W. Fairchild
Assistant

RWF:AJM

APPROVED JUL 27, 1942

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN